UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT FRANKFORT

| | | |
|---|---|---|
| JOHN KEVIN STEELE, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 3:10-CV-40-KSF |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| KIMBERLY ANN STEELE, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

The Court considers Petitioner John Kevin Steele's *pro se* Notice of Removal, [R. 3], in which he seeks to remove a Shelby Family Court proceeding to this Court on the basis of purported federal question jurisdiction. The Court *sua sponte* remands this case to the Shelby Family Court because it lacks subject matter jurisdiction over the action.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

    A.     **The Shelby Family Court Domestic Relations Action**

In October 2003, Kimberly Ann Steele, the respondent herein, initiated divorce proceedings against Steele in the Shelby Family Court. *See Kimberly Ann Steele v. John Kevin Steele*, Civil Case No. 03-CI-00619 ("the Domestic Relations Action"). The parties were divorced in April 2004, but over the years Steele has objected to child support amounts he was ordered to pay in the Domestic Relations Action. *See* R. 3-4; R. 3-5.

Steele attached to his Notice of Removal the twenty-six page docket sheet from the Domestic Relations Action and numerous records from the proceeding, including a copy of the Findings of Fact, Conclusions of Law ("FFCL"), and Order, entered therein on December 9, 2009. [R. 3-7]. In the Order section of the FFCL, the Shelby Family Court denied Steele's

motion to modify his child visitation rights; denied his motion seeking various reductions of his child support and maintenance obligations; denied his motion seeking a domestic violence protective order; decreased his monthly child support obligation by $338.00; ordered him to pay for his children's health insurance; and ordered him to pay $8,000.00 in attorney's fees to his former spouse's counsel. *See* [R. 3-7, pp. 23-27].

The Shelby Family Court also held Steele in contempt of court for filing numerous frivolous motions seeking reductions of the maintenance and child support payments he had been ordered to pay; filing criminal warrants against Kimberly Ann Steele and her attorney; filing frivolous and legally unsupported motions to change child custody arrangements; failing to pay child support; and failing to maintain health insurance on his children. [*Id.*].

On February 18, 2010, the Shelby Family Court committed Steele to 180 days in jail for contempt of court for failing to pay the amounts ordered on December 9, 2009, but permitted him work-release during his sentence. [R. 3-5, p. 19]. On March 5, 2010, Steele appealed that Order. [*Id.*]. On April 16, 2010, the Shelby Family Court placed Steele on home incarceration status, in conjunction with work-release privileges. [*Id.*, p. 20].

On June 1, 2010, the record of the Domestic Relations Action record was "designated on appeal" to the Kentucky Court of Appeals. [*Id.*, p. 21]. According to the official website for the Kentucky Court of Appeals, http://apps.courts.ky.gov, Steele's appeal is currently pending. *See John Kevin Steele v. Kimberly Ann Steele*, Case No. 2010-CA-000432. The record has been filed; briefing has been completed; the case was assigned to the designated panel on April 18, 2011; and a "Non Oral Notice" was entered on April 26, 2011. *Id*.

B.    Steele's Notice of Removal

On June 23, 2010, Steele filed the Notice of Removal, alleging that this Court has jurisdiction over his claims under 28 U.S.C. § 1443(1); 28 U.S.C. § 1446(b); 28 U.S.C. § 1331; 15 U.S.C. § 1671; and 28 U.S.C. § 1367.  Steele alleges that the judges in the Domestic Relations Action have ordered him to pay excessively high child support; have erroneously allowed his wages to be garnished in improper amounts; have denied his motions to reduce his child support obligations to a more reasonable amount; and have unfairly sentenced him to jail time for contempt of court for non-payment of excessively high child support. He further alleges that unidentified Shelby Family Court employees have harassed him and repeatedly violated his due process rights.

Steele argues that removal is warranted because he has been deprived of his federal right to due process of law, equal protection of the law, his property (*i.e.*, his income), and his liberty. He claims that the alleged violations of his federal rights constitute crimes and are actionable under 42 U SC § 1983, and that the various Orders entered in the Domestic Relations Action are void because he was denied due process of law in that proceeding.  Steele asks this Court to ensure that any further orders entered in the Domestic Relations Action comport with his federal constitutional rights.

II.    DISCUSSION

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by defendant to the district court of the United States for the district and division embracing the place where such action is pending."  District courts have original jurisdiction over civil actions that arise under federal law,

*see* 28 U.S.C. § 1331, or that involve parties of diverse citizenship and at least $75,000 in controversy, *see* 28 U.S.C. §1332(a).

However, if it appears from the face of the notice and any attached exhibits that removal should not be permitted, the Court is required to remand the case to state court. 28 U.S.C. §1446(c)(4). "A district court must remand a removed action when it appears that the court lacks subject matter jurisdiction." *Anusbigian v. Trugreen/Chemlawn, Inc.*, 72 F.3d 1253, 1254 (6th Cir. 1996) (citing 28 U.S.C. § 1447(c) ("If at any time . . . it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")). The party seeking removal bears the burden of demonstrating that the district court has original jurisdiction, and the removal statute "'should be strictly construed and all doubts resolved in favor of remand.'" *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006) (quoting *Brown v. Francis*, 75 F.3d 860, 864-65 (3d Cir. 1996)).

### A. This Court Lacks Subject Matter Jurisdiction Over Domestic Relations Matters

Federal courts have no jurisdiction over domestic relations matters. As the United States Supreme Court reaffirmed in *Ankenbrandt v. Richards*, 504 U.S. 689 (1992), the "domestic relations exception" to federal jurisdiction "divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Id.* at 703. This exception embodies the recognition by federal courts that "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *In re Burrus*, 136 U.S. 586, 593-94 (1980).

Steele states in his Notice of Removal that he ". . . does not, in any way, request and/or seek this Honorable federal court to alter, amend, or change, whatsoever, any aspect(s) of divorce, child custody, or any other type of familial and/or domestic matters that are properly reserved for the state court system." [R. 3, p.2]. He later stated that "Again, the Petitioner does NOT seek or request this Honorable Court to involve itself in any state law matters of divorce, child custody, or similar, but only to enforce basic due process." [*Id.*, p. 8, ¶ 17].

However, Steele contradicted that claim in other passages of his Notice of Removal. Under the heading of "Suggested Preliminary Procedures in this Case," Steele specifically asked this Court to order the Shelby Family Court to "show cause" (or explain) why *this Court* should or should not order "all appropriate declaratory and/or injunctive relief and/or. . . retain the removal permanently, and further decide any or all other supplementary matters therein." [*Id.*, p. 3, ¶ 12]. Further, in his Prayer for Relief, Steele asked for this court's "immediate intervention" in the Domestic Relations Action to prevent him from suffering irreparable harm and further denial of due process. He stated:

> **Without the immediate intervention, and the exercise of full jurisdiction and authority by this Honorable Court in retaining said lower state proceedings, at the very least with which to issue such appropriate declaratory and injunctive relief as to due process and equal civil rights**, that the Petitioner will be otherwise subjected to manifestly egregious denials and inabilities to enforce in said state courts 'one or more rights under the laws providing for the equal rights of citizens of the United States', and will also be likewise unlawfully forced to suffer manifestly irreparable harm and due process injuries therein, without any further reasonable remedy at law.
>
> WHEREFORE, . . . **Steele, now prays for retaining the removal of the instant state court proceedings into, and under, the jurisdiction of this United States District Court, also at a minimum for appropriate declaratory and injunctive relief, and/or to further decide supplementary matters**, to ORDER the

5

> Respondents to pay all costs, fees, and reasonable attorney expenses herein, and for all other relief true, just and proper in the premises.

[*Id.*, p. 9] (emphasis added).

Despite Steele claiming on one hand that he does not want this Court to alter or amend any past orders entered in the Domestic Relations Action, he on the other hand asks this Court to "immediately intervene" in, and take control of, all aspects of his pending state court domestic relations proceeding, in which Orders adverse to him have been entered over the years. He seeks assurance that any interim or final orders entered in the Domestic Relations Action protect his federal constitutional rights. As explained, the "domestic relations doctrine" prevents an unhappy state court domestic relations litigant (such as Steele) from removing to federal court when displeased about the state court domestic relations proceeding.

Consequently, because Steele seeks to remove a state action involving domestic relations issues including matters of child support, custody and/or maintenance which are currently being litigated in state court or in the Kentucky Court of Appeals, the "domestic relations exception" to federal jurisdiction applies, divests this Court of subject matter jurisdiction over the matter, and bars the removal of the state court action to federal court.

**B.      The Domestic Relations Action Does Not Involve Federal Law**

Steele claims that removal is proper because the Domestic Relations Action, which he seeks to remove to this Court, involves claims arising under the various amendments to the United States Constitution and various other federal statutes. [R. 3, p. 1].

District courts have federal removal jurisdiction under 28 U.S.C. § 1441(b) over "only those cases in which a well-pleaded complaint establishes either that federal law creates the

cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v.Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

No issue of federal law is implicated in this case; rather, the child support obligations at issue in the Domestic Relations Action, which Steele seeks to remove to this Court, are premised solely on Kentucky state law. *See* Ky. Rev. Stat. §§ 403. 211-403.213 (governing child support obligations) and Ky. Rev. Stat. §§ 405.430 - 405.530 (governing administrative process for child support recovery by the Kentucky Cabinet for Health and Family Services); *see also* Ky. Rev. Stat. § 427.005 (providing that disposable earnings which would otherwise be exempt from execution or garnishment are not exempt when the remedy is intended to provide for the maintenance of minor children).

Steele's reliance on the Consumer Credit Protection Act, ("CCPA"),15 U.S.C. § 1671, is misplaced. Steele contends that the percentage of his wages garnished for child support obligations exceeds the amount permitted under the statute. However, the CCPA provides a specific exemption from this ceiling for any order for the support of any person issued by a court of competent jurisdiction which affords substantial due process and is subject to judicial review. 15 U.S.C. § 1673(b)(1)(A).

Steele's wages are being withheld/garnished to satisfy child support obligations, pursuant to the valid orders entered in the Domestic Relations Action. Based on the comprehensive FFCL and Order entered therein on December 9, 2009, it appears that Steele received due process of law in that proceeding. The Judge stated in the FFCL that, "The Court understands that the economic downturn has effected Mr. Steele's business as it has so many others," *see* [R. 3-7, p.

19] and accordingly, *decreased* Steele's child support obligation by $338.00 effective May 6, 2009, *id*., p. 20, and denied Kimberly Ann Steele's motion to suspend or supervise Steele's visitation rights, *id*., p. 17. Regardless, Steele has appealed the FFCL and other Orders and those Orders are subject to judicial review. *See Haines v. General Motors Corp.*, 603 F.Supp. 471, 474 (S.D. Ohio 1984). Thus, the CCPA does not confer federal jurisdiction over Steele's claim.

If, as Steele contends, the wage garnishment exceeds the permissible limits allowed by § 1673, he could and should have challenged the garnishment in the Domestic Relations Action, or if unsuccessful there, he could or should have raised the claim in his pending state court appeal. *Martin v. Supreme Court of State of New York*, 644 F. Supp. 1537, 1543 (N.D.N.Y 1986); *see Snapp v. U.S. Postal Service*, 664 F.2d 1329, 1331 (5th Cir.1982). But Steele may not attack the child support wage garnishment in this Court.[1] Steele's CCPA claim lacks merit and provides no federal subject-matter jurisdiction that supports removal.

Steele's next claim, that this Court has subject matter jurisdiction over his child support proceeding under 28 U.S.C. § 1331, also lacks merit. Under § 1331, district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. In *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), the Supreme Court for the first time recognized an implied private right of action for damages against individuals acting under color of federal law who have allegedly violated a citizen's federal

---

[1] Furthermore, § 1673 does not create a private right of action, as the legislative history contains no explicit reference to the denial or creation of a private right of action, but did state that enforcement of garnishment provisions of sub-chapter "is vested in the Secretary of Labor." *McCabe v. City of Eureka*, 664 F.2d 680, 682 (8th Cir.1981); *see also Pressman v. Neubardt*, No. 02-CV-8404(RCC), 2002 WL 31780183, at *2 (S.D.N.Y. December 12, 2002).

rights. But to act "under color of federal law," the individual must be a United States government official or employee. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

While Steele broadly complains about the "Federal Government,"[2] this case involves no claims against persons allegedly acting under color of federal law. This case stems from Steele's dissatisfaction with Orders entered in the Domestic Relations Action. Steele broadly claims that Kimberly Ann Steele and/or current and former judges in the Domestic Relations Action have violated his federal due process rights, but these individuals are not federal employees or officials, and cannot be sued under § 1331, through a *Bivens* action.

Next, Steele claims that by being ordered to pay allegedly excessively high child support, having his wages garnished, being jailed for contempt of court, and allegedly being harassed, he has been denied due process of law in violation of the Fourteenth Amendment of the United States Constitution. He argues that, because such claims fall under 42 U.S.C. § 1983, this Court has jurisdiction to assume control over the Domestic Relations Action.

Section 1983 provides a private right of action for damages against individuals acting under color of *state law* who have allegedly violated a citizen's federal rights. While state court judges would presumably qualify as "state actors" under § 1983, the abstention doctrine established in *Younger v. Harris*, 401 U.S. 37 (1971), precludes this Court from exercising subject matter jurisdiction over Steele's § 1983 claims. Under the *Younger* abstention doctrine, federal courts must abstain from hearing a federal claim when a pending state proceeding

---

[2] Steele claims that the federal government has induced the Commonwealth of Kentucky "with various 'carrot and stick' federalization programs under family law, i.e., UCCJA, UCCJEA, UIFSA, and UCLSA" and "has compelled large expansion of child support *enforcement* actions, yet failed to ensure the Commonwealth included protections of the CCPA within the same." [R. 3, p. 7] (asterisks included in original).

implicates important state interests and affords the plaintiff an adequate opportunity to raise constitutional claims. *See also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987); *Middlesex Co. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

The three factors supporting abstention under *Younger* exist in this case. First, a state judicial proceeding (a domestic relations proceeding) was ongoing in the Family Court when Steele filed his Notice of Removal on June 23, 2010. Second, abstention is appropriate where the state proceedings involve family matters such as divorce or child custody. *Moore v. Sims*, 442 U.S. 415, 435 (1979); *Mann v. Conlin*, 22 F.3d 100, 106 (6th Cir.), *cert. denied*, 513 U.S. 870 (1994). If this Court allowed removal of the Domestic Relations Action based on alleged violations of Steele's due process rights, it would be interfering with a pending state court domestic relations proceeding. Principles of comity and federalism prevent such a result, particularly, as noted, when the ongoing state court proceeding involves child custody and support issues. *See*, *e.g.*, *Tindall v. Wayne Co. Friend of Court*, 269 F.3d 533 (6th Cir. 2001); *Kelm v. Hyatt*, 44 F.3d 415, 420-21 (6th Cir. 1995).

Third, Steele either asserted or could have asserted his constitutional challenges in the Domestic Relations Action, or raised or could have raised those challenges in his currently pending state court appeal. The Kentucky Court of Appeals' website reveals that in 2008, Steele filed three other appeals of Orders entered in the Domestic Relations Action.[3] Thus, Steele has

---

[3] *See John Kevin Steele v. Kimberly Ann Steele*, Case No. 2010-CA-130*; John Kevin Steele v. Kimberly Ann Steele*, Case No. 2008-CA-1801; and *John Kevin Steele v. Kimberly Ann Steele*, Case No. 2008-CA-1802. On March 5, 2010, the Kentucky Supreme Court affirmed the Kentucky Court of Appeals' decision in 2008-CA-130, but affirmed in part and reversed and remanded in part the Kentucky Court of Appeals' decision in 2008-CA-1801. http://apps.courts.ky.gov/Appeals/COA-Dockets. On December 17, 2008, the Kentucky Court of Appeals granted Kimberly Ann Steele's Motion to Dismiss Appeal No. 2008-CA-1802. That decision became final on February 6, 2009. *Id*.

available state court appellate remedies, which he has pursued several times in the past, and which he is utilizing at the present time.

Further, under the *Rooker-Feldman* doctrine, if Steele is dissatisfied with the outcome of his pending appeal, his only recourse is to seek discretionary review in the Kentucky Supreme Court, and if necessary, seek certiorari in the United States Supreme Court. He cannot challenge the outcome of the Domestic Relations Action by filing a federal civil rights proceeding. The *Rooker-Feldman* doctrine, described as "a combination of the abstention and res judicata doctrines, stands for the proposition that a federal district court may not hear an appeal of a case already litigated in state court. A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)).

Finally, Steele lists 28 U.S.C. § 1367 as a basis for removal. Section 1367 grants a district court broad discretion to exercise jurisdiction over state-law claims that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). But if a plaintiff's federal claims are dismissed, even though they are not insubstantial in a jurisdictional sense, the supplemental state claims should be dismissed as well. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

This Court has no original jurisdiction over Steele's claims because of the "domestic relations" exception, the *Younger* abstention doctrine, the *Rooker-Feldman* doctrine, and the inapplicability of other federal statutes Steele cited. Therefore, absent original jurisdiction over

11

Steele's claims, no basis exists for exercising "supplemental jurisdiction" under § 1367. *See*

*Musson Theatrical, Inc. v. Federal Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996).

### III. CONCLUSION

Because this Court lacks subject matter jurisdiction over the Domestic Relations Action,

**IT IS ORDERED** as follows:

1. Petitioner John Kevin Steele's requests for declaratory and/or injunctive relief, [R. 3, pp. 4; p. 9], are **DENIED**;

2. This case is hereby **REMANDED** to the Shelby Family Court, Case Number 93-CI-00619; and

3. This action is hereby **DISMISSED** and **STRICKEN** from the active docket.

This June 10, 2011.



Signed By:
*Karl S. Forester* KSF
United States Senior Judge